UNITED STATES DISTRICT COURT

DISTRICT OF VERMONT

| | | |
|---|---|---|
| IBEW LOCAL 98 PENSION FUND, et al., Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Case No. 5:11-cv-00222-CR<br><br>CLASS ACTION |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| CENTRAL VERMONT PUBLIC SERVICE CORP., et al., | ) ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF IBEW LOCAL 98 PENSION FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

665420_1

Proposed lead plaintiff IBEW Local 98 Pension Fund (the "Pension Fund") respectfully submits this memorandum of law in support of its motion for: (1) appointment as lead plaintiff in the above-referenced action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (2) approval of its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the class and Woodward & Kelley, PLLC ("Woodward & Kelley") as liaison counsel for the class.

## I. INTRODUCTION

This action was brought on behalf of a proposed class of Central Vermont Public Service Corp. ("CVPS" or the "Company") shareholders who held CVPS shares during the period beginning on May 30, 2011, through and including the closing of the proposed acquisition of Gaz Métro Limited Partnership ("Gaz Métro"). The case was filed against CVPS and certain of its officers and/or directors for violation of the Securities Exchange Act of 1934 (the "Exchange Act") and breach of fiduciary duties.

The PSLRA mandates that, as soon as practicable, the court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). The Pension Fund should be appointed as lead plaintiff because it: (1) timely filed this motion; (2) has the largest financial interest in the relief sought by the class, to its counsel's knowledge; and (3) will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). In addition, the Pension Fund's selection of Robbins Geller as lead counsel and Woodward & Kelley as liaison counsel for the class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.  FACTUAL BACKGROUND

CVPS operates as an electric utility company.  The complaint alleges that the Board of Directors (the "Board"), aided and abetted by CVPS, in bad faith and for self-interested reasons, tilted the sales process for the Company in favor of Fortis Inc. ("Fortis") and against Gaz Métro and thereby obligated the Company to improperly pay Fortis a termination fee of $19.5 million when the merger agreement with Fortis was later terminated after Gaz Métro made a superior proposal that was accepted by the Board.  The end result of CVPS and the Board's misconduct was to destroy shareholder value in the same amount of the termination fee, or approximately $1.57 per share.  The complaint seeks damages for the Board's breaches of fiduciary duty in this regard.

The complaint further alleges that on August 29, 2011, CVPS filed a Form DEFM 14A Proxy Statement (the "Proxy") that omitted or misrepresented material information regarding the proposed Fortis and Gaz Métro acquisitions in violation of §§14(a) and 20(a) of the Exchange Act and in contravention of the Board's fiduciary duties under state law.  The Proxy fails to disclose, among other things, material information regarding: (i) the Company's current and future value; (ii) details about the sales process, including details concerning the favored treatment of Fortis, and the conflicts of interests faced by the persons involved; and (iii) the financial analysis conducted by the Company's financial advisor.  Without this material information, the Company's public shareholders are precluded from casting a fully informed vote.  The complaint seeks injunctive relief in connection with defendants' violations of §§14(a) and 20(a) of the Exchange Act.

## III.  ARGUMENT

### A.  The Pension Fund Should Be Appointed as Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).

First, the pendency of the action must be publicized in a widely circulated, national, business-oriented publication or wire service not later than 20 days after filing of the first complaint.  15 U.S.C. §78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  The Pension Fund meets each of these requirements and should therefore be appointed as lead plaintiff.

### 1. This Motion Is Timely

The notice for the first-filed action published on September 15, 2011 advised shareholders of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class of shareholders; and (4) the right to move the court to be appointed as lead plaintiff within 60 days from September 15, 2011, or November 14, 2011.  *See* Declaration of Tricia McCormick in Support of IBEW Local 98 Pension Fund's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("McCormick Decl."), Ex. A.  This motion is therefore timely filed and the Pension Fund is entitled to be considered for appointment as lead plaintiff.

### 2. The Pension Fund Has the Largest Financial Interest in the Relief Sought by the Class

The Pension Fund held 2,400 shares during the relevant time period.  *See* McCormick Decl., Ex. B.  To the best of its counsel's knowledge, there are no other applicants seeking appointment as lead plaintiff with a larger financial interest.  Therefore, the Pension Fund satisfies the PSLRA's prerequisite of having the largest financial interest.

- 3 -

### 3. The Pension Fund Otherwise Satisfies Rule 23 of the Federal Rules of Civil Procedure

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "The Rule 23 inquiry under 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc) is less stringent than the inquiry the rule otherwise requires." *Linn v. Allied Ir. Banks, PLC*, No. 02 Civ. 1738 (DAB), 2004 U.S. Dist. LEXIS 24655, at *13 (S.D.N.Y. Dec. 8, 2008). "At this stage in the litigation, one need only make a 'preliminary showing' that the Rule's typicality and adequacy requirements have been satisfied." *Id.* at *13-*14 (citation omitted).

"The typicality requirement is satisfied when the claims of the proposed lead plaintiff 'arise from the same conduct from which the other class members' claims and injuries arise.'" *Id.* at *14 (citation omitted). The Pension Fund satisfies this requirement because, just like all other proposed class members, it held CVPS stock during appropriate period, as did the other members of the putative class. *See* McCormick Decl., Ex. B; *Linn*, 2004 U.S. Dist. LEXIS 24655, at *15. Thus, the Pension Fund's claims "arise from the same factual predicate" as those of other class members and the Court should find that the Pension Fund "satisfies Rule 23's typicality requirement." *Linn*, 2004 U.S. Dist. LEXIS 24655, at *15.

"The adequacy requirement is satisfied if (1) the class counsel is qualified, experienced and generally able to conduct the litigation; (2) the interests of the class members are not antagonistic to one another; and (3) the lead plaintiff has a sufficient interest in the outcome to ensure vigorous advocacy." *Id.* at *15-*16. The Pension Fund also satisfies the adequacy requirement. The Pension Fund has demonstrated its ability and willingness to prosecute this action by filing its certification as well as by retaining qualified counsel. *See* McCormick Decl., Ex. B. The Pension Fund is not subject to unique defenses and there is no evidence that the Pension Fund "seeks anything other than

'the greatest recovery for the class consistent with the merits of the claims.'" *Linn*, 2004 U.S. Dist. LEXIS 24655, at *17 (citation omitted).

Thus, the Pension Fund satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure for the purposes of this motion.

### B. The Court Should Approve the Pension Fund's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

The Pension Fund has selected Robbins Geller to serve as lead counsel. *See* McCormick Decl., Ex. C. Robbins Geller "possess[es] extensive experience in the area of securities litigation," and "ha[s] successfully prosecuted numerous securities fraud class actions." *City of Ann Arbor Emps. Ret. Sys. v. Accuray Inc.*, No. C 09-3362 CW, 2009 U.S. Dist. LEXIS 105466, at *10 (N.D. Cal. Oct. 26, 2009). Robbins Geller has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Securities Litigation*, No. H-01-3624 (S.D. Tex.), in which Robbins Geller obtained the largest recovery ever obtained in a shareholder class action. *See* McCormick Decl., Ex. C. Specifically, the court in *Enron* stated: "The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities . . . ." *In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, 529 F. Supp. 2d 644, 675 (S.D. Tex. 2006).

As such, the Court should find that Robbins Geller is "well qualified to serve as lead counsel in this matter." *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at

*18 (S.D.N.Y. July 8, 2008). Accordingly, the Pension Fund's selection of Robbins Geller as lead counsel and Woodward & Kelley as liaison counsel should be approved.

## IV. CONCLUSION

The Pension Fund has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, the Pension Fund respectfully requests that the Court appoint it as Lead Plaintiff, approve its selection of Lead and Liaison Counsel, and grant such other relief as the Court may deem just and proper.

DATED: November 14, 2011

Respectfully submitted,

WOODWARD & KELLEY, PLLC
PHILIP C. WOODWARD


s/ PHILIP C. WOODWARD
PHILIP C. WOODWARD

1233 Shelburne Road, Suite D-3
South Burlington, VT  05403
Telephone:  802/652-9699
802/652-9922 (fax)

[Proposed] Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
RANDALL J. BARON
A. RICK ATWOOD, JR.
DAVID T. WISSBROECKER
TRICIA L. McCORMICK
EUN JIN LEE
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 14, 2011.

                                                  s/ PHILIP C. WOODWARD
                                                  PHILIP C. WOODWARD

                                                  WOODWARD & KELLEY, PLLC
                                                  1233 Shelburne Road, Suite D-3
                                                  South Burlington, VT  05403
                                                  Telephone:  802/652-9699
                                                  802/652-9922 (fax)

                                                  E-mail:  woodward@wklawvt.com

665420_1

# Mailing Information for a Case 5:11-cv-00222-cr

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **R. Jeffrey Behm**
  jbehm@sheeheyvt.com,kmattes@sheeheyvt.com,sreyome@sheeheyvt.com

- **R. Bradford Fawley**
  bfawley@drm.com,jblake@drm.com,jmeade@drm.com

- **David F. Graham , Esq**
  dgraham@sidley.com

- **Kathleen Holthaus , Esq**
  kholthaus@sidley.com,efilingnotice@sidley.com

- **Rachael B. Niewoehner , Esq**
  rniewoehner@sidley.com,efilingnotice@sidley.com

- **Elizabeth R. Wohl , Esq**
  ewohl@drm.com,jnichols@drm.com

- **Philip C. Woodward**
  woodward@wklawvt.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)